PASSAIC COUNTY COURT OF COMMON PLEAS.

JOHN BATESKO, PETITIONER-APPELLEE, v. WRIGHT
AERONAUTICAL CORP., RESPONDENT-APPELLANT.

Decided April 5, 1946.

For the petitioner-appellee, *David Cohn.*

For the respondent-appellant, *John W. Taylor.*

DELANEY, C. P. J. This is an appeal by the respondent from an award granted the petitioner in the Workmen's Compensation Bureau for injuries sustained by him on August 20th, 1943, while in the employ of respondent.

The petitioner has been employed by respondent off and on from 1927. On August 20th, 1943, while tightening a bolt on a Lucas boring mill with a short wrench held in his right hand, he suddenly felt something snap in his shoulder, followed by pain in the arm and numbness in the hand. He reported the occurrence to his immediate superior and then went to the plant hospital, where he was treated for a few

days by a nurse, who, after the pain persisted, sent him to another plant hospital, where a Dr. Jones treated him by diathermy. After daily treatments there until August 30th, his arm was not relieved, and on the advice of Dr. Jones to do lighter work, he remained at home until the early part of October, since lighter work was not available in the plant. During this time he continued to be treated by Dr. Jones and Dr. Wassing, another plant physician. His arm not improving, petitioner consulted and was treated for two months by Dr. Reading, an orthopedist in Paterson. He then consulted Dr. Hansen, of the New Jersey Orthopedic Hospital, and a Dr. Wallace in Clifton. The petitioner had returned to the respondent's employ to do lighter work, but ceased work again from January 30th to March, 1944, at which time he again returned to work not requiring the use of his right arm to an appreciable degree.

From the latter part of January until February 26th, petitioner was confined to the isolation ward in Jersey City Medical Center, where he received the Kenny treatment for post poliomyelitis. This fact petitioner concealed until he was confronted with the hospital records at the trial. His reason for concealing this information, petitioner said, was that his counsel, upon being consulted about securing insurance to cover this period, told him he was not eligible for the insurance and "to forget about it." This we concede is a weak reason for concealing so vital a fact in his medical history. While the attempt at concealment is disturbing, the fact of petitioner's being treated for a post poliomyelitis, however, does not confuse the issue before us.

Dr. Sprague, who treated petitioner at Medical Center, did not have the advantage of seeing petitioner until five months after the accident happened.

Dr. Bohl, who examined petitioner for the purpose of giving his opinion at the hearing, did not diagnose his condition as post poliomyelitis until he had heard Dr. Sprague's testimony, and Dr. Bergman, who also testified on behalf of respondent, considered petitioner's condition due to a possible poliomyelitis condition, but leaned toward the cause of enlarged glands of the cervical region.

The doctors for petitioner thought his condition due to a traumatic neuritis, caused by an injury to the brachial plexus, and attributed the accident as alleged by petitioner the competent and producing cause of his present condition.

While it is a well settled principle of law that the burden of proving that the injury complained of by the petitioner was the result of an accident which arose out of and in the course of his employment and rests upon the petitioner, *Riley* v. *Crucible Steel Company of America,* 132 *N. J. L.* 273; 39 *Atl. Rep.* (*2d*) 633; *Raines* v. *Grant Finishing Co., Inc.,* 132 *N. J. L.* 422; 41 *Atl. Rep.* (*2d*) 127, and the proof must be such as to establish a reasonably probable hypothesis, *Andres* v. *Keystone Varnish Co.,* 19 *N. J. Mis. R.* 74; 17 *Atl. Rep.* (*2d*) 268, nonetheless, where an employer seeks to avoid liability for compensation on the ground that the disability from which the employee is suffering is due to a cause not connected with his employment, the burden of proof of that defense rests upon the employer to the same degree. *El* v. *Newark Star Ledger,* 131 *N. J. L.* 373-380; 36 *Atl. Rep.* (*2d*) 616; *Golden* v. *C. V. Hill & Co.,* 18 *N. J. Mis. R.* 330, 332; 13 *Atl. Rep.* (*2d*) 307.

The uncontroverted facts that petitioner felt great pain, as a result of his accident, on August 20th, that he reported immediately to his superior, that he persistently sought medical aid, even at his own expense, over a period of six months, and that he received competent medical care, lead us to the conclusion that on August 20th he suffered an injury as the result of an accident arising out of and in the course of his employment.

The judgment of the Workmen's Compensation Bureau is affirmed.